D. Maimon Kirschenbaum
Michael DiGiulio
JOSEPH KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 981-9587 (fax)

*Attorneys for Named Plaintiffs, proposed FLSA Collective Plaintiffs, and proposed Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------x

| | |
|---|---|
| **EDUARDO CALIXTO and JORGE RODRIGUEZ, individually and on behalf of all others similarly situated,** | CASE NO. |
| Plaintiffs, | **COMPLAINT** |
| v. | **FLSA COLLECTIVE ACTION** |
| **PRIME SQUARE RESTAURANT CORP., FERIT (FRANK) KODZA, and BEKIM (BENNY) KOXHA,** | |
| Defendants. | |

----------------------------------------------------------x

Plaintiffs allege as follows:

## JURISDICTION AND VENUE

1. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. This Court has general personal jurisdiction over this case because Defendants' headquarters and principal place of business are located in this jurisdiction and in this Judicial District.

3. Venue is proper in this District under 28 U.S.C. § 1391(b)(1), (2) because Defendants reside in this District, conduct business in this District, and a substantial part of the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

4. Defendant Prime Square Restaurant Corp. ("Prime Catch") is a corporation organized and existing under the laws of the State of New Jersey that owns and operates the restaurant Prime Catch located in Times Square, Manhattan (the "Restaurant").

5. Defendant Ferit (Frank) Kodza is a part owner of Prime Catch and actively manages the Restaurant. Defendant Kodza has the power to hire and fire employees, set employee pay rates, set employee schedules, and set the terms of conditions of employees' employment at the Restaurant. He is regularly present at the Restaurant to carry out these functions.

6. Defendant Bekim (Benny) Koxha is a part owner of Prime Catch and actively manages the Restaurant. Defendant Kodza has the power to hire and fire employees, set employee pay rates, set employee schedules, and set the terms of conditions of employees' employment at the Restaurant. He is regularly present at the Restaurant to carry out these functions.

7. Plaintiff Eduardo Calixto is a New York resident. He has been employed as a server at Prime Catch since August 2021.

8. Plaintiff Jorge Gregorio is a New York resident. He has been employed as a server at Prime Catch since August 2021.

## FLSA COLLECTIVE ACTION ALLEGATIONS

9. Plaintiffs bring the First and Second Claims for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all the waiters and bussers that Defendants employed on or after the date that is three years before the filing of the Original Complaint in this case as defined here ("FLSA Collective Plaintiffs").

10. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay the legally federally required minimum wage and overtime wage for all hours worked over forty (40) hours in a workweek. The claims of Plaintiffs for FLSA minimum wage and overtime violations, as stated herein, are essentially the same as those of the other FLSA Collective Plaintiffs.

11. The First and Second Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## FACTS

12. Defendants committed the foregoing acts willfully, and against Plaintiffs, the FLSA Collective Plaintiffs.

13. Defendants own and operate a restaurant named Prime Catch in Times Square.

14. Plaintiff Gregario's shifts vary from week to week.  Plaintiff Gregario often works four double shifts (lunch and dinner) and two dinners.  A stand-alone dinner shift typically begins

3

at 4:00 p.m. and lasts until closing, which can vary from about 12:00 a.m. to 2:00 a.m. A double shift starts at 10:00 a.m. and lasts until closing, sometimes with a short break between lunch and dinner.

15. Plaintiff Calixto initially worked one double shift and two dinner shifts per week. There were times that Plaintiff Calixto worked as many as three double shifts and two dinner shifts.

16. Plaintiffs are paid $7 per hour, plus tips. This amount is less than the federal and state minimum wages.

17. Plaintiffs were not informed that they are being paid pursuant to any credit, nor are they in fact paid pursuant to any tip credits.

18. Defendants do not pay Plaintiffs overtime premiums when Plaintiffs work more than 40 hours in a workweek.

19. Defendants do not pay Plaintiffs a spread of hours premium when Plaintiffs' workdays begin and end more than ten hours apart.

20. Defendants require Plaintiffs to share tips with Tolli, a floor manager who has significant authority over them, including setting their schedules.

21. Defendants did not provide Plaintiffs with written notices of their wage rates. As a result, Plaintiffs have no information as to what Defendants actually intended their rates of pay to be, and Defendants have taken advantage of Plaintiffs by paying them an amount below the minimum wage.

22. Defendants do not give Plaintiffs weekly paystubs outlining their rates of pay, withholdings, hours worked, etc. As a result, Plaintiffs cannot check each way whether they are paid properly, for example, whether have been in fact paid for all hours worked and whether they have received all their proper tip income.

23. Defendants committed the foregoing acts against Plaintiffs and FLSA Collective Members.

**FIRST CLAIM FOR RELIEF**
**FLSA Minimum Wage Violations, 29 U.S.C. § 207**
**Brought by Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs**

24. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

25. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed, "employee[s]," including Plaintiffs and each of the FLSA Collective Plaintiffs.

26. Throughout the statute of limitations period covered by these claims, Defendants knowingly failed to pay Plaintiffs and the other FLSA Collective Plaintiffs the federal minimum wage for each hour worked.

27. At all relevant times, Defendants operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully, regularly and repeatedly refusing to pay Plaintiffs and the FLSA Collective Plaintiffs the federal minimum wage for each hour worked.

28. As a result of Defendants' willful and unlawful conduct, Plaintiffs and the FLSA Collective Plaintiffs seek damages in the amount of their unpaid compensation, liquidated (double) damages as provide by the FLSA for minimum wage violations, in an amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**

**FLSA Overtime Violations, 29 U.S.C. § 207**
**Brought by Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs**

29. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

30. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed, "employee[s]," including Plaintiffs and each of the FLSA Collective Plaintiffs.

31. Throughout the statute of limitations period covered by these claims, Plaintiffs and the other FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek.

32. At all relevant times, Defendants operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully, regularly and repeatedly refusing to pay Plaintiffs and the FLSA Collective Plaintiffs at the required overtime rate of one-and-one-half times the greater of the minimum wage or their regular rate for hours worked in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though Plaintiff and the FLSA Collective Plaintiffs have been and are entitled to overtime.

33. As a result of Defendants' willful and unlawful conduct, Plaintiffs and the FLSA Collective Plaintiffs seek damages in the amount of their unpaid overtime compensation, liquidated (double) damages as provide by the FLSA for overtime violations, in an amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663, and such other legal and equitable relief as this Court deems just and proper.

**THIRD CLAIM FOR RELIEF**

**New York Minimum Wage Violations, N.Y. Lab. Law § 650,** *et seq.*
**Brought by Plaintiffs on Behalf of Themselves and the Opt-In Plaintiffs**

34. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

35. Defendants knowingly paid Plaintiffs and the Opt-In Plaintiffs less than the New York minimum wage as set forth in N.Y. Lab. Law § 652 and supporting regulations of the New York State Department of Labor.

36. Defendants did not pay Plaintiffs and the Opt-In Plaintiffs the New York minimum wage for all hours worked.

37. Defendants' failure to pay Plaintiffs and the Opt-In Plaintiffs was willful within the meaning of the N.Y. Lab. Law § 663.

38. As a result of Defendants' willful and unlawful conduct, Plaintiffs and the Opt-In Plaintiffs are entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

**FOURTH CLAIM FOR RELIEF**
**New York Overtime Violations**
**New York Minimum Wage Act, N.Y. Stat. § 650** *et seq.*,
**N.Y. Comp. Codes R. & Regs. Tit. 12, § 146-1.4**
**Brought by Plaintiffs on Behalf of Themselves and the Opt-In Plaintiffs**

39. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

40. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

41. Plaintiffs and the Opt-In Plaintiffs regularly worked in excess of forty (40) hours per workweek.

42. Defendants willfully, regularly, and repeatedly failed to pay Plaintiffs and the Opt-In Plaintiffs at the required overtime rate of one-and-one-half times the greater of the minimum wage or their regular rate for hours worked in excess of forty (40) hours per workweek.

43. Throughout the Class period, Defendants willfully, regularly and repeatedly failed to pay Plaintiffs and the Opt-In Plaintiffs at an overtime rate of one-and-one-half times the minimum wage for hours worked in excess of forty (40) hours per workweek.

44. As a result of Defendants' willful and unlawful conduct, Plaintiffs and the Opt-In Plaintiffs are entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

**FIFTTH CLAIM FOR RELIEF**
**Illegal Deductions from Gratuities, N.Y. Lab. Law § 196-d**
**Brought by Plaintiffs on Behalf of Themselves and the Opt-In Plaintiffs**

45. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

46. Defendants illegally misappropriated Plaintiffs' and the Opt-In Plaintiffs' tips and required them to share tips with tip-ineligible employees.

47. As a result of Defendants' willful and unlawful conduct, Plaintiffs and the Opt-In Plaintiffs are entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees, as provided by N.Y. Lab. L. § 198.

## SIXTH CLAIM FOR RELIEF
### New York Spread of Hours Provisions,
### N.Y. Comp. Code R. & Regs. tit. 12, § 146-1.6
### Brought by Plaintiffs on Behalf of Themselves and the Opt-In Plaintiffs

48. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

49. Plaintiffs and the Opt-In Plaintiffs had workdays that lasted more than ten (10) hours.

50. Defendants willfully and intentionally failed to compensate Plaintiffs and the Opt-In Plaintiffs one hour's pay at the basic New York minimum hourly wage rate when their workdays lasted more than ten (10) hours, as required by New York law.

51. As a result of Defendants' willful and unlawful conduct, Plaintiffs and the Opt-In Plaintiffs are entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees, as provided by N.Y. Lab. L. § 198.

## SEVENTH CLAIM FOR RELIEF
### Wage Notice and Wage Statement Violations, N.Y. Lab. Law §§ 195, 198
### Brought by Plaintiffs on Behalf of Themselves and the Opt-In Plaintiffs

52. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

53. Defendants did not provide Plaintiffs and the Opt-In Plaintiffs with the notices/wage statements required by N.Y. Lab. Law § 195.

54. Among other things, Defendants failed to provide to Plaintiffs and the Opt-In Plaintiffs any wage statements.

55. Defendants failed to provide to Plaintiffs and the Opt-In Plaintiffs written wage notice that contains all of the information required by N.Y. Lab. Law § 195.

56. As a result of Defendants' unlawful conduct, Plaintiffs, and the Opt-In Plaintiffs are entitled to an award of damages and penalties pursuant to N.Y. Lab. Law § 198, in an amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees, as provided by N.Y. Lab. Law § 198.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for relief as follows:

A. Designation of this action as an FLSA collective action;

B. Designation of Plaintiffs as Representatives of the Collective;

C. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

D. Penalties available under applicable laws;

E. Costs of action incurred herein, including expert fees;

F. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663, and other applicable statutes;

G. Pre-judgment and post-judgment interest, as provided by law; and

H. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York         Respectfully submitted,
       March 30, 2022
                                        JOSEPH & KIRSCHENBAUM LLP

                                        By: /s/ D. Maimon Kirschenbaum
                                             D. Maimon Kirschenbaum
                                             Michael DiGiulio
                                             32 Broadway, Suite 601
                                             New York, NY 10004
                                             Tel: (212) 688-5640
                                             Fax: (212) 981-9587

                                        *Attorneys for Named Plaintiffs and*
                                        *proposed FLSA Collective Plaintiffs*