JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

Charles Joseph
D. Maimon Kirschenbaum
Denise Schulman
Josef Nussbaum
Lucas C. Buzzard

32 Broadway, Suite 601
New York, NY 10004
Phone (212) 688-5640
Fax (212) 688-2548
www.jk-llp.com

December 13, 2022

**VIA ECF**
Hon. Barbara Moses
United States Magistrate Judge
U.S. District Court, Southern District of New York
500 Pearl Street
New York, NY 10007

                Re:    *Calixto v. Prime Square Restaurant Corp., et al.*,
                        No.: 22-cv-2610 (BCM)

Dear Judge Moses:

      The Parties to the above-referenced matter submit this joint letter to respectfully request that the Court approve the parties' settlement of this Fair Labor Standards Act ("FLSA") case as fair and reasonable and so order the parties' stipulation of dismissal with prejudice. The parties' executed settlement agreement is submitted herewith as **Exhibit 1**, and the executed stipulation of dismissal is attached as Exhibit A to the settlement agreement.

      Plaintiff Calixto was a bartender at Defendants' Prime Catch restaurant from August 2021 until approximately April 2022. Plaintiff filed this action alleging violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") on behalf of himself and an FLSA collective of current and former tipped waitstaff at the restaurant. Plaintiff's Complaint alleges Defendants: (1) paid Plaintiffs below the applicable minimum/overtime wages pursuant to a tip credit to which they were not entitled; (2) failed to pay Plaintiffs for all regular and overtime hours worked; (3) misappropriated Plaintiffs' tips by requiring them to share gratuities with a managerial employee; (4) failed to pay New York's spread of hours premium; and (5) failed to provide Plaintiffs with proper wage notices and wage statements as required by N.Y. Lab. Law § 195(1) and (3). *See* ECF No. 1 (Compl.) Defendants answered the complaint and denied all of the substantive allegations.

      On October 24, 2022, the parties appeared for a settlement conference before Your Honor. Following the settlement conference, both parties accepted Your Honor's mediator's proposal to resolve and settle the case. Consistent with that proposal, the parties agreed to settle this matter for a total of $29,000.00, to be paid by Defendants. Of the total $29,000.00 payout, $19,334.00 is allocated to Plaintiff Calixto, and the remaining amount ($9,666.00) is going to Plaintiff's counsel as attorneys' fees ($9,077.75) and for reimbursement of costs ($588.25). *See* Ex. 1 (Agreement) ¶ 2(a).

      The settlement is fair and reasonable and should be approved. To determine whether an FLSA settlement is "fair and reasonable," the court considers five factors: "(1) the plaintiff's range

of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Zamora v. One Fifty Fifty Seven Corp.*, no. 14-cv-8043, 2016 U.S. Dist. LEXIS 49286, at *2 (S.D.N.Y. Apr. 1, 2016) (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)). As set forth more fully below, the settlement is fair and reasonable and thus, should be approved. *See generally Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015).

Here, as set forth in **Exhibit 2**, Plaintiff Calixto's estimated maximum possible recovery on both his FLSA and NYLL claims is approximately $37,553.96. *See* Ex. 2 (Damages Calculation). As discussed during the settlement conference, Plaintiff faced hurdles with respect to proving his hours worked and other elements of his claims. For example, although Defendants did not maintain clock-in/clock-out records, Defendants assert that their hours of operation were not nearly as extensive as Plaintiff alleged, especially during periods of Covid lockdowns in New York City. Additionally, Plaintiff faced many factual hurdles to support his claim that a head waiter at the restaurant misappropriated a portion of his tips. Finally, as also discussed during the settlement conference, there were collectability concerns given the financial condition of the restaurant that barely survived the pandemic. *See, e.g.*, *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y 2013) ("Case law recognizes that potential difficulty in collecting damages militates in favor of finding a settlement reasonable."). Given these concerns, Plaintiff's acceptance of Your Honor's $29,000 proposal was fair and reasonable.

Further, the settlement was the product of extensive arms-length negotiations between the parties—first at a Court-annexed mediation in July 2020, and then at the settlement conference that was conducted with the benefit of Your Honor's assistance. The settlement agreement itself does not contain any confidentiality or non-disparagement provisions, although it does contain a mutual release of all claims arising from "arising from Plaintiff's employment relationship with Defendants." Ex. 1 ¶ 4(a)-(b). Moreover, as to Defendants' releasees, the agreement specifies that the release of claims arising from Plaintiff's employment extends only to those "persons or entities acting in privity with Defendants themselves." *Id.* ¶ 4(a); *see Pinguil v. YTF Hair Extensions, Inc.*, No. 2018 U.S. Dist. LEXIS 26010, at *7-9 (S.D.N.Y. Feb. 15, 2018) (Moses, *J.*) (explaining that "broad, general releases may be permissible in non-class FLSA cases if, among other things, the plaintiff no longer works for the defendants and the releases are mutual" provided that the "release of defendants should unambiguously extend only to persons or entities acting on behalf of on in privity with defendants themselves"). Here, where (a) Plaintiff no longer works for Defendants, (b) the releases are mutual, (c) the releases are not general but instead are limited to claims arising from Plaintiff's employment relationship with Defendants, and (d) the release of Defendants extends to those persons/entities acting on behalf of or in privity with Defendants, the agreement should be approved.

Finally, the settlement provides for reasonable attorneys' fees and costs to Plaintiffs' counsel. Under the settlement agreement, Plaintiffs' counsel will receive $588.25 as reimbursement of costs incurred in filing and serving the Complaint, *see* Ex. 3 (Expense Records),

and less than one-third of the of the remainder – or $9,077.75 – as attorneys' fees.[1] The proposed fee award of less than one-third of the after-costs settlement amount should be approved because it was consensual, agreed to by Plaintiff, consistent with fee arrangements routinely approved in FLSA settlements in this Circuit, and supported by counsel's lodestar.

Under the Plaintiff's contingency fee engagement agreement, Plaintiff's counsel is entitled to request out of the total recovery one-third as attorneys' fees, calculated after the deduction of costs incurred by the firm. *See* Ex. 4 (Retainer Agreement) ¶ 7. Here, where counsel seeks less than one-third of the after-costs settlement amount, the fee request should be approved as reasonable. *See Pinguil*, 2018 U.S. Dist. LEXIS 26010 (approving fees amounting to one-third of the FLSA settlement); *see also Torres v. Gristede's Operating Corp.*, 519 F. App'x 1, 5 (2d Cir. 2013) (characterizing one-third as the "standard contingency-fee level[]" in FLSA case); *Cortes v. New Creators, Inc.*, No. 15 Civ. 5680 (PAE), 2016 U.S. Dist. LEXIS 79757, at *5 (S.D.N.Y. June 20, 2016) (fee award of one-third of settlement "consistent with contingency fees that are commonly accepted in the Second Circuit in FLSA cases" (quotation omitted).

Moreover, the requested attorneys' fee award of $9,077.75 is significantly less than Plaintiff's Counsel's lodestar, which is $14,480.00 *See* Ex. 5 (Attorney Time Records). Plaintiffs' counsel's time and labor warrants the requested fee. In total, Plaintiff's counsel (the undersigned) spent 36.2 hours on this action at an hourly rate of $400. Both the time spent and the rate sought are reasonable.

As to the time spent, counsel's contemporaneous time records are attached hereto as **Exhibit 5**. Plaintiff's counsel (1) met with Plaintiff multiple times to learn the relevant facts and reviewed Plaintiff's documents, (2) collected documents and prepared a mediation statement in accordance with the court-annexed mediation procedures, (3) met with Plaintiff to prepare for mediation, (4) analyzed a significant number of Defendant's documents in preparation for and during the mediation and settlement conference, (5) drafted a mediation statement and a settlement conference letter, (6) attended a court-annexed mediation and a settlement conference before Your Honor, (7) drafted a collective certification motion that was not filed per Your Honor's instructions at the initial case management conference, (8) drafted discovery requests, and (9) drafted and reviewed settlement papers, including this motion. *See* Ex. 5.

Counsel's experience warrants the $400/hour rate sought. Plaintiffs' counsel has extensive experience representing employees in wage and hour actions. Joseph & Kirschenbaum LLP ("JK") is a law firm dealing almost exclusively with employee rights. Specifically, the firm represents employees in wage/hour and employment discrimination matters. The only biller in this case for which fees are sought is Lucas Buzzard (undersigned). Mr. Buzzard graduated *magna cum laude*, Order of the Coif, from American University, Washington College of Law in 2010. He joined Joseph & Kirschenbaum LLP ("JK") in September 2015. In the interim, he worked as a law clerk in the Staff Attorney's Office of the United States Court of Appeals for the Second Circuit and then as a law clerk to the Hon. Peter W. Hall of the United States Court of Appeals for the Second

---

[1] The calculations are as follows:   $29,000 - $588.25 (costs) = $28,411.75.
  $28,411.75 / 3 = $9,470.58 (1/3 of after-costs settlement)
  $9,077.75 = actual fees sought.

3

Circuit. He is currently a senior associate at JK. The majority of his current docket involves wage and hour collective/class action lawsuits and employment discrimination/retaliation lawsuits on behalf of individual employees. Earlier this year, Mr. Buzzard was approved at the $400 rate sought by Judge Gregory Woods of the Southern District. *See* Ex. 6 (Excerpts of Transcript of June 15, 2022 Oral Decision in *Zivkovic v. Laura Christy LLC*, No. 17-cv-553 (GHW)) at 11, 17.

Finally, the $9,077.75 that is allocated to Plaintiffs' counsel in the settlement agreement amounts to approximately 62.7% of the lodestar amount. Because this lodestar multiplier is less than one, this Court may find the "fees presumptively reasonable" and "need not assess the reasonableness of the rates charged." *Villanueva v. 179 Third Avenue Rest. Inc.*, 2018 U.S. Dist. LEXIS 116379, at *8 (S.D.N.Y. July 12, 2018). As such, the fee award is objectively reasonable.

For the foregoing reasons, the Parties respectfully request that the Court approve the parties' settlement, so order the stipulation of dismissal, and retain jurisdiction to enforce the terms of the settlement agreement. We thank the Court for its attention to this matter.

    Respectfully submitted,

    __s/Lucas C. Buzzard_____
    Lucas C. Buzzard
    *Counsel for Plaintiffs*

    __s/John F. Olsen_____
    John F. Olsen
    *Counsel for Defendants*