```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
―――――――――――――――――――――――――――――
EDUARDO CALIXTO,

                Plaintiff,

     -against-

PRIME SQUARE RESTAURANT CORP.,
et al.,

                Defendants.
―――――――――――――――――――――――――――――
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 02/14/2023
```

22-CV-02610 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

The Court has received and reviewed the parties' joint letter-motion dated December 13, 2022 (Joint Ltr.) (Dkt. 41), seeking approval of their fully-executed Settlement Agreement and Release (Ag.), Joint Ltr. Ex. 1 (Dkt. 41-1) pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). The Agreement requires defendants Prime Square Restaurant Corp., Ferit (Frank) Kodza, and Bekim (Benny) Koxha collectively to pay $29,000 to plaintiff Eduardo Calixto, sixty days from this Court's dismissal of plaintiff's claims with prejudice pursuant to the Agreement, in order to settle plaintiff's claims under the Fair Labor Standards Act (FLSA) and the New York Labor Law (NYLL). Ag. ¶ 2(a)-(b); Joint Ltr. at 1. Of that sum, $19,334.00 will go to plaintiff Calixto, while the remaining amount will go to plaintiff's counsel as attorneys' fees ($9,077.75) and for reimbursement of costs ($588.25). Ag. ¶ 2(a); Joint Ltr. at 1.

The financial terms of the Agreement were arrived at after arm's-length bargaining between the parties' experienced employment and labor counsel, supervised by the Court, and are fair and reasonable. Plaintiff, who worked as a bartender at defendants' restaurant, brought claims under the FLSA and NYLL, alleging that defendants (1) took a tip credit to which they were not entitled, thereby paying plaintiff below the applicable minimum regular and overtime wages; (2) failed to pay plaintiff for all of his hours; (3) misappropriated his tips through an unlawful tip pool; (4) failed to pay New York's spread of hours premium; and (5) failed to provide plaintiffs with proper

wage notices and wage statements as required by N.Y. Lab. Law § 195(1) and (3). Compl. (Dkt. 1) ¶¶ 24-56. Defendants denied liability, arguing among other things that plaintiff exaggerated his work hours (especially during periods of COVID lockdowns) and that the tip pool properly included the restaurant's head waiter. *See* Joint Ltr. at 2.

The gross settlement payment of $29,000 represents approximately 77% of plaintiff's theoretical maximum recovery of $37,533.96. Joint Ltr. Ex. 2 (damages calculation). That theoretical sum includes unpaid minimum and overtime wages, unpaid spread-of-hours pay, liquidated damages, and penalties pursuant to NYLL § 198. *Id.* The parties agreed to the settlement terms during a judicially-supervised settlement conference before me on October 24, 2022. Thereafter, they consented to my jurisdiction for all purposes (Dkt. 37). Additionally, plaintiff Jorge Gregorio, who initially filed this action along with plaintiff Calixto (but who was incorrectly identified on the caption as Jorge Rodriguez), voluntarily dismissed his claims without prejudice (Dkt. 39), leaving Calixto as the only settling plaintiff.

The settlement allows all parties to avoid the expense, delay, and uncertainty of proceeding with the litigation, including the risk that plaintiff will recover nothing, or substantially less than he sought, if defendants show that he did not work all of the alleged hours or demonstrate that they were entitled to take a tip credit and that their tip pool was not unlawful. Under these circumstances, the Court is satisfied that the settlement, which represents a robust fraction of plaintiff's best-case scenario, is "a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Mamani v. Licetti*, 2014 WL 2971050, at *1 (S.D.N.Y. July 2, 2014).

The non-economic terms of the Agreement are also fair. Plaintiff and defendants will exchange mutual releases of all claims "arising from Plaintiff's employment relationship with

Defendants." Ag. ¶ 4(a)-(b). Plaintiff's release extends to defendants and their privies; defendants' release extends to plaintiff and his heirs, executors, administrators, fiduciaries, agents, attorneys, and assigns. *Id.* There is no rehiring prohibition, and no confidentiality clause or other restriction on plaintiff's ability to discuss his employment with defendants, this action, or the terms of the settlement.

The proposed attorneys' fee award of $9,077.75 represents less than one-third of the gross settlement payment, and thus less than the one-third fee permitted by the contingency agreement that plaintiff signed, *see* Joint Ltr. Ex. 4 (contingency agreement), and is approximately 63% of counsel's stated lodestar of $14,480 for his work on this action. *See* Joint Ltr. Ex. 5 (attorney time records). Given the recovery obtained by counsel in this action, the award is not excessive. The proposed cost reimbursement amount of $588.25 is also reasonable, reflecting the filing fee to commence an action in this Court, together with a process service fee. *See* Joint Ltr. Ex. 3 (expense records).

Having carefully reviewed the financial and non-financial terms of the Agreement, I find that they are fair and reasonable as required by *Cheeks*, 796 F.3d at 203. Accordingly, the joint letter-motion is **GRANTED**, the proposed settlement is **APPROVED**, and this action is **DISMISSED** with prejudice and without costs. The Court will retain jurisdiction for enforcement purposes only.

The Clerk of Court is respectfully directed to close the case.

Dated: New York, New York
       February 14, 2023                          SO ORDERED.

                                                      _____
                                                      **BARBARA MOSES**
                                                      **United States Magistrate Judge**